ALLISON SCOTT (Bar No.305989)
Allison.Scott@huschblackwell.com
HILDA A. AKOPYAN (Bar No. 310094)
Hilda.akopyan@huschblackwell.com
PALOMA I. ACOSTA (Bar No. 310766)
paloma.acosta@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue., Suite 2850
Los Angeles, CA 90071
Telephone: 213.337.6550
Facsimile: 213.337.0651

Attorneys for Defendants
BLACK & VEATCH CONSTRUCTION, INC. and
BLACK & VEATCH CORPORATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| URSULA LEON HERNANDEZ, on behalf of the State of California, as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>BLACK & VEATCH CONSTRUCTION, INC., a Corporation; BLACK & VEATCH CORPORATION, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 26CU00311C<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: January 6, 2026<br>Trial Date: Not Yet Set |

Defendants BLACK & VEATCH CONSTRUCTION, INC. and BLACK & VEATCH CORPORATION[1] (collectively "Black & Veatch" or "Defendants") hereby answers Plaintiff URSULA LEON HERNANDEZ's unverified Complaint (the "Complaint"), and asserts its affirmative and other defenses as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendants deny generally and specifically each, every, and all of the allegations of the unverified Complaint, and the whole thereof. Defendants further deny that Plaintiff or any alleged Aggrieved Employee has sustained, or will sustain, any injury, damage, or loss by reason of any act, omission, breach, negligence, or any other conduct or in the absence thereof, on the part of Defendants, or any agent, attorney, servant, or employee of Defendants.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged, and without conceding they bear the burden of proof or persuasion as to any of them, Defendants allege the following:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendants. *See* Code of Civil Procedure § 430.80 (indicating that the defense of failure to state a claim may be raised by demurrer or answer). Among other things, the Complaint is vague, fails to allege facts establishing any violation of law, and fails to allege facts establishing injury, including, but not limited to, the nature of any allegedly uncompensated work time and how Defendants allegedly violated the provisions of California law enumerated in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

**(No Damages or Injury)**

2. Any recovery on Plaintiff's Complaint is barred, in whole or in part, due to a lack of

[1] Plaintiff incorrectly identified Black & Veatch Corporation as her employer. Black & Veatch Construction, Inc. employed Plaintiff.

any cognizable injury or damages legally compensable under law.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

3. Defendants allege that Plaintiff's first cause of action is barred by Plaintiff's failure and the failure of the alleged Aggrieved Employees (as defined in the Complaint) to timely and successfully exhaust internal remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

4. The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter because Plaintiff and the alleged "Aggrieved Employees" failed to exhaust applicable administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

**(Alternative Causes of Alleged Damages)**

5. Plaintiff and the alleged Aggrieved Employees' claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(Joint and Several Liability)**

6. To the extent that Defendants are found liable to Plaintiff and/or the alleged Aggrieved Employees for any damages, the amount of recovery of any economic and noneconomic damages against Defendants shall be calculated in accordance with the principles of California Civil Code sections 1430, *et seq.*, and shall be no greater than the amount of damages in direct proportion to the fault of each Defendant, if any, relevant to the fault of other persons, firms, corporations, entities, or organizations, including Plaintiff and/or the alleged Aggrieved Employees.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

7. The Complaint is barred in whole or in part because Plaintiff and/or the alleged Aggrieved Employees are estopped from pursuing the Complaint, and each of its causes of action,

by reason of their own actions and courses of conduct, including, but not limited to, failure to abide by Company policies and practices pertaining to the allegations in the lawsuit, failing to accurately record all hours worked, and failing to raise and/or stating they had not experienced the violations alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

8. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff and/or the alleged Aggrieved Employees are barred, in whole or in part, based on principles of equity.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9. Plaintiff's Complaint is barred by the equitable doctrine of laches. While employed, Plaintiff failed to use Defendants' internal procedures to raise any alleged violations. Plaintiff's undue delay in raising the alleged violations in the Complaint has prejudiced Defendants because any harm to Plaintiff would have been avoided if she had reported any alleged violations through Defendants' internal procedures.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. The Complaint is barred in whole or in part by the doctrine of unclean hands based on, *inter alia,* Plaintiff's failure to accurately report her work times, and failure to abide by Defendants' policies and practices pertaining to the allegations in the lawsuit.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

11. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff and/or the alleged Aggrieved Employees is barred because Plaintiff and/or the alleged Aggrieved Employees consented to any and all actions allegedly taken by Defendants.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Release and Waiver)**

12. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff and/or the alleged Aggrieved Employees is barred under the equitable doctrine of release and waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

13. Plaintiff and the alleged Aggrieved Employees are not entitled to recover some or all of the California Labor Code penalties prayed for in the Complaint because, at all times, Defendants acted in good faith and had reasonable grounds for believing its actions did not violate the law, including, but not limited to, Defendants' good faith belief that it paid all wages due and owing to Plaintiff and the alleged Aggrieved Employees based on the hours reported by Plaintiff and the alleged Aggrieved Employees during and upon separation from employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

14. Plaintiff's Complaint is barred, in whole or in part, because Defendants' conduct, if any, was privileged, performed in the exercise of an absolute right, proper and/or justified.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

15. The Complaint, and each of its causes of action, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 338(a) and 340(a) and California Labor Code section 2699 *et seq*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

16. Defendants are not legally responsible for any damages or restitution claimed by Plaintiff and/or the alleged Aggrieved Employees. If, however, Defendants are found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of any injury, and damages or restitution awarded to Plaintiff and/or the alleged Aggrieved Employees, if any, should

be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Improper Conduct by Defendants)**

17. Plaintiff's Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Defendants deny, Defendants are not liable because (a) any persons allegedly engaging in any such conduct were not acting as an employee or agent of Defendants, (b) such conduct was outside the scope, course and/or authority of any employee or agent, (c) Defendants were not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Defendants' interests, rules, policies and/or procedures.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff and/or the Alleged Aggrieved Employees' Own Conduct)**

18. Plaintiff's Complaint is barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiff and/or the alleged Aggrieved Employees' own conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

19. The Complaint is barred to the extent that Plaintiff and/or the alleged Aggrieved Employees have failed to take all reasonable and necessary care and diligence to mitigate the damages alleged.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Claim for Attorney's Fees)**

20. The Complaint fails to state facts sufficient to support a claim for attorney's fees.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Set-Off for Damages Claimed)**

21. To the extent that Plaintiff has received compensation for her alleged injuries from other sources, or to the extent that a cross-demand for money exists from Defendants to Plaintiff or

the alleged Aggrieved Employees, a damage award in this action, if any, should be offset accordingly.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

22. Plaintiff's claims are barred to the extent that the claims are duplicative of pre-existing actions that have been filed with the same facts, claims, and time period. Defendants reserve the right to file an applicable motion to stay, dismiss, or consolidate the actions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Improper Forum Shopping)**

23. Plaintiff's claims are barred to the extent Plaintiff has engaged in improper forum shopping and wasteful, duplicative litigation, including by filing separate claims for the same Plaintiff, facts, claims, and time period.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Claims Barred by Parallel Proceedings)**

24. The Complaint is barred, in whole or in part, or must be stayed in light of other pending parallel proceedings involving the same issues.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive, Special or Compensatory Damages)**

25. The Complaint fails to state facts sufficient to support a claim for punitive, special, or compensatory damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reasonable Policies and Practices)**

26. The Complaint is barred, in whole or in part, because Defendants promulgated and disseminated appropriate Company policies and practices relating to the wages, hours, and working conditions of Plaintiff and the alleged Aggrieved Employees.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Not Willful)**

27. Defendants allege that Plaintiff's claims for damages are barred, in whole or in part,

because Defendants' alleged conduct was not willful.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Not Knowing)**

28. Plaintiff's claims are barred to the extent that Defendants' conduct as alleged in the Complaint was not known and Defendants did not have actual or constructive knowledge, and in the exercise of reasonable care could not have had knowledge of the existence of the facts by reason of which liability is alleged to exist.

**TWENTY-NINETH AFFIRMATIVE DEFENSE**

**(Alleged Uncompensated Time *De Minimis*)**

29. Plaintiff's claims and the claims of the alleged Aggrieved Employees are barred to the extent that any uncompensated time and alleged "off the clock" work was *de minimis*. Defendants are informed and believe that such alleged uncompensated time was so irregular or minute that it would be unreasonable to expect the time to be recorded or compensated.

**THRITIETH AFFIRMATIVE DEFENSE**

**(Penalties Unconstitutional)**

30. Although Defendants deny that they have committed or have responsibility for any act that could support any recovery against Defendants in this lawsuit, including but not limited to, Plaintiff and the alleged Aggrieved Employees' causes of action for penalties under California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 246, 510, 558, 1194, 1197, 1197.1, and 2802, based upon asserted interests or injuries of the general public, to the extent any such act is found, such recovery against Defendants are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

///

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Entitlement to Waiting Time Penalties)**

31. Plaintiff and the alleged Aggrieved Employees' claims for waiting time penalties are barred because of a good faith dispute as to the facts and the law that any wages are due precludes imposition of waiting time penalties under California Labor Code section 203.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Labor Code §226(e) – Lack of Injury and No Willfulness)**

32. Defendants allege that Plaintiff and the alleged Aggrieved Employees have not sustained any injury from any alleged failure by Defendants to comply with Labor Code section 226. Plaintiff and the alleged Aggrieved Employees are barred from an award of damages or penalties pursuant to Labor Code section 226(e) because Defendants did not knowingly and intentionally fail to comply with Labor Code section 226(a).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Meal and Rest Periods Provided)**

33. Plaintiff and the alleged Aggrieved Employees are not entitled to the relief sought in Plaintiff's Complaint for violations of California Labor Code section 226.7 and applicable Wage Orders because, at all relevant times, Defendants provided meal and rest periods by relieving Plaintiff and the alleged Aggrieved Employees of all duty for the designated periods and did not impede, discourage, or dissuade Plaintiff or the alleged Aggrieved Employees from taking meal or rest periods.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Record Time Worked)**

34. Defendants are informed and believe and thereon allege that a reasonable opportunity for investigation and discovery will reveal that Plaintiff and any alleged Aggrieved Employees' underlying claims, including but not limited to those regarding meal periods, failure to pay minimum wage, and unpaid overtime, are barred because Plaintiff or any alleged Aggrieved Employee failed to record all alleged time worked as reasonably permitted, expected, or required by Defendants.

///

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Not Hours Worked)**

35. Defendants are informed and believe and thereon allege that a reasonable opportunity for investigation and discovery will reveal that some or all of certain hours claimed by Plaintiff and the alleged Aggrieved Employees are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that regular or overtime compensation need not be paid for those hours.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Compliance with Statutes)**

36. Plaintiff's Complaint, and each purported cause of action therein, is barred because Defendants and their agents at all times complied and/or substantially complied with all applicable statutes, regulations, laws, and/or interpretive guidance because, among other things, (1) Defendants' written policies and/or practices provided non-exempt employees an opportunity to take uninterrupted meal periods and rest breaks, (2) non-exempt employees were required to timely and accurately record all hours they worked to ensure timely and accurate payment of compensation, (3) Defendants issued paychecks compliant with California Labor Code section 226 and Plaintiff and the alleged Aggrieved Employees suffered no actual damages, (4) Defendants' policies and/or practices paid their employees all wages owed at the time of termination, (5) Defendants' policies and/or practices reimbursed employees for business expenses, (6) Defendants' policies and practices compensated employees at the regular rate of pay when considering incentive compensation, and (7) Defendants' policies and practices accurately compensated employees for paid sick leave.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver of Meal and Rest Periods)**

37. Plaintiff is not entitled to the relief sought for the alleged underlying violations of the applicable Industrial Welfare Commission Wage Orders because Plaintiff and/or the alleged Aggrieved Employees were authorized and permitted to take meal and/or rest periods but chose to waive the meal and/or rest periods.

///

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Preemption by the NLRA)**

38. Defendants allege that to the extent Plaintiff's claims involve conduct that is governed by a collective bargaining agreement or seeks remedies that are governed or regulated by federal law or a collective bargaining agreement, such claims are preempted by federal law and the National Labor Relations Act. Plaintiff's employment with Defendants was governed by the terms of a valid Collective Bargaining Agreement, meaning that Plaintiff must utilize the dispute resolution procedures in the Collective Bargaining Agreement to address her alleged wage and hour and wrongful termination claims instead of pursuing these claims in this lawsuit. *See* Cal. Lab. Code section 512(e)-(g) and 514; IWC Wage Order 16-2001 section 11(E); *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, *5 (N.D. Cal. Jan. 18, 2022) (finding, where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage claim required, "[a]t minimum, . . . interpretation of CBA terms such as 'actual hours worked' and 'show up expenses.'").

**THIRTY-NINETH AFFIRMATIVE DEFENSE**

**(Preemption by the LRMA)**

39. Defendants allege that the claims are preempted/barred by Section 301 of the Labor Relations Management Act, 29 U.S.C. section 185. Plaintiff's employment with Defendants was governed by the terms of a valid Collective Bargaining Agreement, meaning that Plaintiff must utilize the dispute resolution procedures in the Collective Bargaining Agreement to address her alleged wage and hour and wrongful termination claims instead of pursuing these claims in this lawsuit. *See* Cal. Lab. Code section 512(e)-(g) and 514; IWC Wage Order 16-2001 section 11(E); *Rodriguez*, 2022 WL 161892, *5.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Claims Governed by a CBA)**

40. Defendants allege that some or all of Plaintiff's claims are governed by the terms of a valid collective bargaining agreement, and therefore, Plaintiff's claims are exempted from California law. Any claims that are derivative of, or dependent upon, such preempted or legally

deficient claims are likewise barred. *Liu v. Sealy, Inc.*, No. 2:25-CV-01215-MEMF-AS, 2025 WL 1357281, at *7 (C.D. Cal. May 9, 2025).

**<u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>**

**(Arbitration)**

41. Defendants allege that Plaintiff's Complaint and every cause of action alleged therein, are pre-empted and subject to arbitration.

**<u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>**

**(PAGA – Statute As Applied Is Unconstitutional)**

42. Plaintiff's claims violate Defendants' rights under the U.S. and California Constitutions by attempting to enforce PAGA in a manner that renders the requirements of those statutes and regulations unconstitutional.

**<u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>**

**(PAGA – Unconstitutionality)**

43. Although Defendants deny that they have committed or have responsibility for any act that could support recovery under PAGA, if and to the extent, any such liability is found, recovery against Defendants under PAGA is unconstitutionally excessive and violates Defendants' due process rights.

**<u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>**

**(PAGA – Representative Action Unmanageable)**

44. Plaintiff's representative claims should be rejected on manageability grounds given that, among other things, Plaintiff's representative claims will necessarily require consideration of a myriad of facts specific to numerous individuals. *See, e.g.*, *Ortiz v. CVS Caremark Corporation*, No. C-12-05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014); *Rix v. Lockheed Martin Corp*., No. 09CV2063 MMA NLS, 2012 WL 13724, at *1 (S.D. Cal. Jan. 4, 2012); *Bowers v. First Student, Inc.*, No. 2:14–CV–8866–ODW (Ex), 2015 WL 1862914, at *4 (C.D. Cal. April 23, 2015); *Litty v. Merrill Lynch & Co., Inc.*, No. CV 14–0425 PA (PJWx), 2014 WL 5904904 (C.D. Cal. Nov. 10, 2014); *Raphael v. Tesoro Ref. & Mktg. Co. LLC,* No. 2:15-CV-02862-ODW, 2015 WL 5680310 (C.D. Cal. Sept. 25, 2015); *Salazar v. McDonald's Corp.*, No. 3:14-cv-02096, 2015 WL 88999

(N.D. Cal. January 5, 2017).

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(PAGA – Penalties Punitive)**

45. Penalties pursuant to PAGA should not be imposed, or should be lessened, because the facts and circumstances of this particular case would result in an award that is "unjust, arbitrary, and oppressive, or confiscatory."

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(PAGA – No Penalties Beyond the Initial Violation)**

46. The purported cause of action under PAGA is barred to the extent that Plaintiff and the alleged Aggrieved Employees seek penalties beyond the "initial" violation as described in California Labor Code section 2699(f)(2).

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(PAGA – Duplicative Recovery)**

47. Plaintiff and the alleged Aggrieved Employees are not entitled to recovery of penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(PAGA – Not "Aggrieved Employees")**

48. The purported cause of action under the PAGA is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

**FORTY-NINETH AFFIRMATIVE DEFENSE**

**(PAGA – Failure to Adequately Exhaust Administrative Remedies)**

49. Plaintiff's PAGA claims are barred because Plaintiff failed to adequately exhaust Plaintiff's administrative remedies under California Labor Code section 2699.3(a)(1)(A) with sufficient notice to Defendants.

**RESERVATION OF RIGHTS**

Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore

reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate. Defendants will seek such relief in accordance with applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request relief as follows:

1. That Plaintiff and the alleged Aggrieved Employees take nothing by virtue of this action;

2. Plaintiff and the alleged Aggrieved Employees are denied each and every demand and prayer for relief contained in the Complaint;

3. For reasonable attorneys' fees pursuant to any applicable law, and for costs of suit incurred herein, including experts' fees;

4. For such other and further relief as the Court may deem just and proper.

Dated: February 19, 2026

HUSCH BLACKWELL LLP

By: /s/ [signature]
ALLISON SCOTT
HILDA A. AKOPYAN
PALOMA I. ACOSTA

Attorneys for Defendants
BLACK & VEATCH CONSTRUCTION, INC. and
BLACK & VEATCH CORPORATION

## PROOF OF SERVICE

*Ursula Leon Hernandez v. Black & Veatch Construction, Inc., et al.*
San Diego County Superior Court Case No. 26CU00311C

I am a citizen of the United States and employed in Dallas County, Texas. I am over the age of eighteen and not a party to the within-entitled action. My business address is 1900 N. Pearl Street, Suite 1800, Dallas TX 75201.

On February 19, 2026, I served a copy of the within document(s): **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** as follows:

☐ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐ by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit Bhowmik<br>Nicholas J. De Blouw<br>Victoria B. Rivapalacio<br>**BLUMENTHAL NORDREHAUG BHOWMIK**<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Telephone: (858)551-1223<br>Facsimile: (858) 551-1232<br>Email: norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawlj.com<br>DeBlouw@bamlawca.com<br>victoria@bamlawca.corn | *Attorneys for Plaintiff*<br>URSULA LEON HERNANDEZ |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 19, 2026, at Dallas, Texas.

*Crystal Rose*
CRYSTAL ROSE